# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN CASTRO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>LEPE,<br><br>　　　　Respondent. | Case No. 1:20-cv-01365-SAB-HC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE** |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## DISCUSSION

**A. Federal Habeas Jurisdiction**

A claim is cognizable in federal habeas corpus when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991); Preiser, 411 U.S. at 499.

Here, Petitioner appears to challenge the various restrictions imposed at the institution in which he is housed in response to the COVID-19 pandemic. (ECF No. 1 at 6).[1] The Ninth Circuit

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). Accordingly, Petitioner has failed to state cognizable claims for federal habeas corpus relief. See Shook v. Apker, 472 F. App'x 702, 702–03 (9th Cir. 2012) (holding that district court did not err in treating conditions of confinement claims as arising under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), rather than 28 U.S.C. § 2241); Alcala v. Rios, 434 F. App'x 668, 669–70 (9th Cir. 2011) (holding that district court did not err in finding that conditions of confinement claims are not cognizable under 28 U.S.C. § 2241).

### B. Conversion to Bivens Action

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). See Fiorito v. Entzel, No. 18-55188, 2020 WL 5888131, at *2 (9th Cir. Oct. 5, 2020) (applying Nettles to determine whether district court should have converted § 2241 petition to a Bivens civil rights complaint).

The Court finds that it would be inappropriate to construe the habeas petition as a Bivens complaint as it is unclear what type of relief Petitioner seeks. See Solida v. McKelvey, 820 F.3d 1090, 1094, 1093 (9th Cir. 2016) ("[M]oney damages is the remedy under Bivens," and "does not encompass injunctive and declaratory relief where . . . the equitable relief sought requires official government action."). This conclusion, however, does not preclude Petitioner from pursuing his claims in a properly filed civil action brought pursuant to Bivens.

## II.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

///

1    Further, the Clerk of Court is DIRECTED to randomly ASSIGN this action to a District
2 Judge.

3    This Findings and Recommendation is submitted to the assigned United States District
4 Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
5 Rules of Practice for the United States District Court, Eastern District of California. Within
6 **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file
7 written objections with the court and serve a copy on all parties. Such a document should be
8 captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned
9 United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28
10 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified
11 time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d
12 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 5, 2020**

UNITED STATES MAGISTRATE JUDGE