UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN CASTRO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>LEPE,<br><br>　　　　　Respondent. | No.  1:20-cv-01365-DAD-SAB (HC)<br><br>AMENDED ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 5) |

　　　　Petitioner Benjamin Castro is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 302.

　　　　On November 5, 2020, the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed because petitioner's challenges to various COVID-19 restrictions in place at his institution of incarceration do not present a cognizable claim for federal habeas relief.  (Doc. No. 5.)  The findings and recommendations were served on petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of the findings and recommendations.  (*Id.* at 3.)

/////

/////

/////

1

1    On January 8, 2021, the undersigned adopted the findings and recommendations and dismissed the petition. (Doc. No. 6.) The court's initial order stated that no objections had been timely filed. (*Id.* at 1.) After the court's order was issued, however, it was brought to the court's attention that petitioner had submitted a request for an extension of time to file objections to the findings and recommendations, but that request was not docketed at the time it was received on December 23, 2020. On January 13, 2021, after the order adopting was issued, the magistrate judge granted petitioner additional time to file his objections to the findings and recommendations. (Doc. No. 9.) On February 1, 2021, petitioner filed his objections. (Doc. No. 10.) The undersigned will now consider the objections filed by petitioner within the time provided by the magistrate.

    In his objections, petitioner asserts that he "is not seeking monetary compensation," but instead "is seeking relief through the federal court system, by way of injunction, what he views as a complete lack of basic and fundamental ability by the BOP in controlling the [COVID-19] virus and seeks relief in the form of a court order to correct these conditions." (*Id.* at 1.) Alternatively, petitioner requests that his case be converted to a *Bivens* action, again clarifying that he wishes to seek injunctive relief. (*Id.* at 2.) However, the deficiencies identified in the findings and recommendations remain. First, a civil rights action, not a federal habeas petition, is the proper method for a prisoner to challenge the conditions of confinement. (*See* Doc. No. 5 at 1–2.) Second, a *Bivens* action cannot provide the injunctive relief that petitioner seeks because "[t]he only remedy available in a *Bivens* action is an award for monetary damages" and not "injunctive and declaratory relief where . . . the equitable relief sought requires official government action." *Solida v. McKelvey*, 820 F.3d 1090, 1093–94 (9th Cir. 2016).

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court holds the findings and recommendation to be supported by the record and proper analysis.

/////

/////

2

Accordingly,

1. The findings and recommendation issued on November 5, 2020 (Doc. No. 5) are adopted;
2. The petition for writ of habeas corpus is dismissed; and
3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **April 15, 2021**              /s/ Dale A. Drozd
                                         UNITED STATES DISTRICT JUDGE